UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-20792-CR-ALTONAGA

**UNITED STATES OF AMERICA**,

    Plaintiff,

vs.

**JOHN PHILIP STIRLING**,

    Defendant.
_____/

**ORDER ON DEFENDANT'S
MOTION FOR NEW TRIAL**

**THIS CAUSE** is before the Court on Defendant, John Philip Stirling's ("Stirling[']s") Motion for New Trial [ECF No. 199], filed May 10, 2012. The Court has carefully reviewed the parties' written submissions and applicable law.

On November 10, 2011, a federal grand jury returned a two-count Indictment charging Stirling and his Co-Defendants with violations of the Maritime Drug Law Enforcement Act, 46 U.S.C. §§ 70501–70508 (2006). Specifically, Defendants were charged with conspiracy to possess with the intent to distribute five or more kilograms of cocaine, one or more kilograms of heroin, and 280 or more grams of cocaine base while on board a vessel subject to the jurisdiction of the Untied States, in violation of 46 U.S.C. section 70506(a) and 21 U.S.C. section 960(b)(1)(A)–(C) (Count 1); and with possession with intent to distribute five or more kilograms of cocaine, one or more kilograms of heroin, and 280 grams or more grams of cocaine base while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. section

CASE NO. 11-20792-CR-ALTONAGA

70503(a) and 21 U.S.C. section 960(b)(1)(A)–(C) (Count 2). All Defendants but Stirling entered pleas of guilty to these charges.

Stirling proceeded to trial on April 24, 2012, and at his trial, testified in his defense. His defense consisted of duress, in particular, that he had participated in the charged crimes because of threats to himself and his family by Colombian drug traffickers. After Stirling testified, on the morning of the last day of trial, May 2, 2012, the Government turned over to the defense for the first time a 214-page log consisting of Skype chats downloaded from Stirling's computer. An exact replica of Stirling's laptop computer which was seized from the vessel had been provided to the defense in discovery prior to trial. The Skype chats were not readily available by opening the folders appearing in the hard drive or disk; rather, the Government used the services of an FBI computer analyst, Jeffrey Etter, who, after downloading a program, was able to recover various chats from the username "beenthere42." That username belonged to one of the Co-Defendants.

In rebuttal, and over defense objection, the Government called Agent Etter to testify and introduced the Skype log, containing communications between Sirling and his Co-Defendant. Those communications had a devastating impact. They contradicted many of Stirling's statements made during his testimony, and irreparably damaged his credibility and his duress defense. Defense counsel was severely limited in her ability to cross-examine Agent Etter, or rehabilitate Stirling, as the defense case was over. More importantly, defense counsel, unaware of the existence of the Skype chats before the Defendant's decision was made to testify, was

CASE NO. 11-20792-CR-ALTONAGA

unable to properly prepare her client and competently advise him. Needless to say, Stirling was found guilty of all counts, and this Motion follows.

Defendant now moves under Federal Rule of Criminal Procedure 33 for a new trial on the basis that the Government's failure to turn over the Skype chat log in discovery, notwithstanding the Government's technical compliance with its discovery obligations under Federal Rule of Criminal Procedure 16(a)(1)(B) by the furnishing of an exact replica of the hard drive, so seriously impaired the Defendant's trial strategy that there should be a new trial.

> Rule 33 provides that '[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires.' FED.R.CRIM.P. 33(a). We have defined the interest-of-justice standard as 'a broad standard' that 'is not limited to cases where the district court concludes that its prior ruling, upon which it bases the new trial, was legally erroneous.' *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). We have also not been 'willing to say that there can never be a case where, even without wrongdoing, circumstances are such that the trial was, nevertheless, fundamentally unfair.' *United States v. Martinez*, 763 F.2d 1297, 1315 (11th Cir. 1985).

*United States v. Hatcher*, No. 10-13544, 2011 WL 4425314, at *7 (11th Cir. Sept. 23, 2011) (alteration in original). The power of a court to grant a new trial is much broader than the power to grant a motion for acquittal. *See United States v. Ward*, 274 F.3d 1320, 1323 (11th Cir. 2001); *see also* 3 WRIGHT & HENNING § 553.

The undersigned agrees that the interest of justice requires that Stirling be afforded a new trial. Certainly the Government can say it satisfied its discovery obligations by giving the defense a disk containing visible folders and a non-visible "file" consisting of Skype chats which could only be retrieved by the hiring of a computer forensic expert and the application of a program from which it would be evident to the defense the Skype chats even existed and could

3

CASE NO. 11-20792-CR-ALTONAGA

be retrieved. Also, the Government can say, as it has in its memoranda, that it warned the defense that if Stirling took the stand and testified falsely, there was evidence on the computer the Government would use in its rebuttal to impeach him. But these statements ring hollow.

The Government never advised the defense of the existence of the information obtained by Agent Etter. It simply never told defense counsel that incriminating Skype chats could be extracted from the disk or that they even existed. It did not turn over the communications until the morning of its expert's testimony, near the end of the trial. As the Defendant explains in his Reply [ECF No. 207], "[p]roduction of something in a manner which is unintelligible is really not production." (*Id.* 3). This is not like the cases cited by the Government in its Response [ECF No. 204] or Surreply [ECF No. 210], where courts have consistently refused to require the Government to identify exculpatory or inculpatory evidence within a larger mass of disclosed evidence. This case brings to the fore the challenges presented when electronically stored information is produced in discovery.

Commenting on the implications of criminal ESI production, the court in *United States v. Briggs* recently observed that while the Federal Rules of Civil Procedure need not be adopted as the standard for production of criminal ESI, the standard of Federal Rule of Civil Procedure 34(b)(2)(E)(ii) should apply and the Government be required to produce ESI in a reasonably usable form. *See* No. 10CR184S, 2011 WL 4017886, at *8 (W.D.N.Y. Sept. 8, 2011). If, in order to view ESI, an indigent defendant such as Stirling needs to hire a computer forensics expert and obtain a program to retrieve information not apparent by reading what appears in a disk or hard drive, then such a defendant should so be informed by the Government, which

4

CASE NO. 11-20792-CR-ALTONAGA

knows of the existence of the non-apparent information. In such instance, and without the information or advice to search metadata or apply additional programs to the disk or hard drive, production has not been made in a reasonably usable form. Rather, it has been made in a manner that disguises what is available, and what the Government knows it has in its arsenal of evidence that it intends to use at trial.

The Court witnessed the damaging impact the Skype communications had on Stirling's credibility. His testimony was largely discredited without opportunity for rehabilitation or for the selection of a reasonable defense and trial strategy by counsel. Consequently, the interest of justice requires that he be afforded a new trial where he and his counsel can make an intelligent decision regarding whether and how he should testify.

Based on the foregoing analysis, it is

**ORDERED AND ADJUDGED** that Defendants' Motion for New Trial **[ECF No. 199]** is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of June, 2012.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record